[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER FOR THE APPOINTMENT OF AN EXPERT REAL ESTATE APPRAISER BY THE COURT
1. The named defendant, ATC Partnership (ATC), has taken this appeal from a statement of compensation in the amount of one dollar ($1.00) filed by the plaintiff, Northeast Economic Alliance, Inc. (NCEA), acting as the condemning authority for the town of Windham, in connection with the taking of a forty acre parcel of land which had been owned and operated by the American Thread Company as a textile mill for many years until 1985.
2. Prior to the commencement of trial, ATC filed a motion in limine to preclude evidence of environmental contamination or costs of remediation, and the court ruled that such evidence would be excluded from the valuation trial until there had been a determination of the legal issues raised by NCEA's offer of proof of the remediation costs incurred by its successor in interest, Windham Mills Development Corporation (Windham Mills), a private nongovernmental corporation, that acquired the property from NCEA two months after the taking on September 9, 1994, but is not a party to this action.
3. Dean Amadon, the only real estate appraiser called as a witness by the plaintiff condemning authority, testified that it was his opinion that the value of the property was $850,000 "free and clear of environmental hazards", while the only valuation expert called by ATC, F. Jerome Silverstein, concluded that its fair market value was $4,500,000, exclusive of environmental concerns and compliance costs in connection with their remediation.
4. After the parties had presented their evidence and briefed the legal issues raised by the defendant's motion in limine, the court filed its memorandum of decision in which it granted the motion on the ground that under the facts and circumstances of this case all evidence of contamination should be excluded from this particular eminent domain valuation trial and that environmental costs for remediation could not be deducted by the condemnor from the judicially determined sum that constituted "just compensation" in the federal and state constitutional sense because the enforcement of environmental laws "is a separate matter and should be tried separately." Northeast EconomicAlliance, Inc. v. ATC Partnership, judicial district of Windham at Putnam, Docket No. 49248 (April 16, 1998) (21 CONN. L. RPTR. 635 at 636).
5 . On May 14, 1998, a telephone conference call was conducted at the court's direction with counsel for the parties, which was recorded and transcribed for the record at the court's CT Page 10710 request, for the purpose of alerting them to the fact that the court was considering the exercise of what has been referred to by a recognized authority on Connecticut evidence as "the inherent power [of judges] to call witnesses on their own . . ." Tait LaPlante, Connecticut Evidence (2d Ed. 1988) § 3.2.1, p. 38.
6. The court hereby incorporates by reference its extended discussion of the case law on the subject of the trial court's power and right to select an impartial expert witness and to appoint him on the court's own motion (contained in pages 28 through 46 of the transcript of the telephone conference call of May 14, 1998) which stands for the proposition that even in the absence of a controlling statute or rule, the court may appoint its own independent expert in a condemnation case where the adversary experts are shockingly irreconcilable, and may do so even after the case has been presented by the parties, because the court as the trier of fact may not be "imprisoned within the case as made by the parties." Cunningham v. Housing Authority,764 F.2d 1097 at 1101 (5th Cir. 1985).
For the foregoing reasons, the attached Order for the appointment of the independent real estate appraiser named by the court is hereby entered.
 ORDER
The court, having found that further expert evidence will be required in connection with its determination of the amount of compensation to which the named defendant in the above-captioned matter shall be justly entitled, it is therefore ORDERED that Peter R. Marsele of Bloomfield is selected and appointed by the court as an independent and impartial expert witness to investigate and testify in the course of further proceedings in this action relative to the matter of determining the fair market value of the subject real property involved in this action.
1. His written report shall be submitted to this court and to the parties herein within thirty days after the date of this order, and the parties shall submit for said court-appointed expert, all material relevant to that determination which he may request from time to time.
2. Said court-appointed expert shall be authorized to consult with the court, its representatives and, subject to objection of CT Page 10711 the parties, the employees, representatives and experts disclosed by the parties as he shall deem necessary.
3. With the approval of the court said court-appointed expert may be called as a witness for or on behalf of any of the parties hereto or the court, and the parties may take his deposition upon such terms and at such times as shall be approved by the court.
4. The compensation to be allowed the court-appointed expert for his services shall be fixed by the court whenever it may be reasonable and appropriate to do so, and at that time his compensation will be allocated between the parties, and such allocation shall be taxable as costs in this action within the court's discretion.
It is therefore ordered that Peter R. Marsele be and he is hereby named the court-appointed expert for the reasons previously stated herein.
Harry Hammer Judge Trial Referee